# NATIONAL HAT POUNCING MACHINE COMPANY v. HEDDEN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. 138. Argued March 13, 14, 1893. — Decided April 3, 1893.

The fifth claim in letters patent No. 220,889, issued to Edmund B. Taylor, October 21, 1879, for improvements in machines for pouncing hats, viz.: "5. The combination of the support for the hat and the self feeding pouncing cylinder, whereby the hat is drawn over the support B in the direction of the motion of the pouncing cylinder," was anticipated by the second claim in letters patent No. 97,178, issued November 23, 1869, to Rudolph Eickemeyer.

THIS was a bill in equity to recover damages for the infringement of two letters patent for improvements in machines for pouncing hats, viz., patent No. 97,178, issued November 23, 1869, to Rudolph Eickemeyer, and patent No. 220,889, issued October 21, 1879, to Edmund B. Taylor.

In his specification Taylor states:

" The object of my invention is to dispense with feed rolls and hat blocks in machines for pouncing hats, to make the cutting or pouncing cylinder self feeding, to enable the operator to control the speed and direction in which the hats to be pounced pass over the cutting or pouncing surface by the hand with the assistance of a guard and presser pin, and to cause the material to be pounced to move in the same direction as the surface of the self feeding cutter in contact with it, thereby avoiding the injurious strain to which it is subjected in ordinary hat pouncing machines with feed rolls or their equivalents.

" With my machine not only can hats be pounced without any stretching or straining of the material to be pounced, but hats of different styles can be pounced, or different parts of the same hats can be pounced more or less, as may be desired, without any change in the adjustment of the machine. . . .

" My machine consists of a table or supporting frame, X, which carries the bearings F for the shaft, upon which is fixed the driving pulley E and the self feeding pouncing cylinder A, which can be revolved at any desirable speed. This self feeding cylinder is covered with the pouncing or cutting material.

" A block, B, supports the hat or material to be pounced and presses it against the self feeding pouncing cylinder A. This block is adjustable upon its middle point by means of a bolt tapped into it, which passes through the bracket D, and is fastened by a nut, M. It is supported by the bracket D, which turns on a pivot, and is operated by a treadle and lever, P, and connecting rod O. . . .

" A guard, C, is placed directly over the supporting block to protect the hands of the operator from contact with the self feeding pouncing cylinder, and is adjustable upon the bracket D by the means of the nut R, which works in a stirrup in the guard. . . .

" The mode of operating my machine is as follows: The hat to be pounced is placed over the supporting block and pressed against the self feeding pouncing cylinder by means of the treadle operating the swinging bracket. The self feeding pouncing cylinder, revolving at great speed, draws the hat through the space between the supporting block and the self feeding pouncing cylinder. The hand of the operator, assisted, when necessary, by the presser pin L, retards the hat in its passage and controls its direction, by which means the pouncing surface can be caused to move over the material to be pounced at any rate of speed or in any direction that may be desired."

The only claim alleged to be infringed was the fifth, which reads as follows:

" 5. The combination of the support for the hat and the self feeding pouncing cylinder, whereby the hat is drawn over the support B in the direction of the motion of the pouncing cylinder."

The following represent Figures 1 and 2 of the drawings:

*Fig. 1.*

*Fig. 2.*

Upon a hearing upon pleadings and proofs in the Circuit Court, the court found in favor of the plaintiff upon the second claim of the Eickemeyer patent, but also found the fifth claim of the Taylor patent to be invalid for want of novelty, and dismissed the bill as to this patent. 36 Fed. Rep. 317. Defendants did not appeal from the decree against them as to the Eickemeyer patent, but plaintiff appealed from so much of the decree as related to the patent to Taylor.

*Mr. Eugene Treadwell* and *Mr. William W. Swan* for appellant.

*Mr. Edward Q. Keasbey,* (with whom was *Mr. A. Q. Keasbey* on the brief,) for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

The fifth claim of the Taylor patent was held to be invalid by the court below upon the ground that it was anticipated by the second claim of the Eickemeyer patent.

The operation of cutting or grinding off the rough surface of the wool or fur of which the hat is made, by the use of pumice, is termed "pouncing." This was formerly done by pumice or sand paper held in the hand, and applied to the frame of the hat, laid upon a flat surface, and to the crown, fitted over a hat-block of corresponding shape. In time, mechanical devices began to be employed for the same purpose. Originally, this mechanism consisted simply of a block over which the hat-body was stretched, and to which a rotary motion was imparted, while the pouncing material was held in the hand and applied to the surface of the hat. The patent to Wheeler and Manley of August 14, 1866, contained an improvement upon this, and consisted in pouncing the hat-body by means of an emery cylinder or other pouncing surface moving at a high speed in contact with or against a hat-body revolving at a comparatively low speed. This machine, however, consisted of two separate devices, one for pouncing the crown of the hat, and the other for pouncing the brim. The patent to Nougaret of September 18, 1866, also provided for two separate devices, one to pounce the crown and the other the brim. Like the Wheeler and Manley crown machine, the Nougaret device for pouncing the crown contained a revolving hat-block for carrying the hat, but the subordinate devices for bringing the different parts of the hat-block in contact with the pouncing roller, differed somewhat in the two machines. The patent to Labiaux of March 26, 1867, was simply for an improvement in the crown machine of Nougaret, and consisted in the manner of hanging and operating the shafts upon which the pouncing roller and block were secured, and in the manner of securing and holding the sand paper to the pouncing roller, and in some other minor particulars.

The patent to Eickemeyer of November 23, 1869, was a decided advance upon previous devices, in the fact that the

crown of the hat was so supported that both the crown and the brim were presented by the same instrument to the pouncing cylinder. 25 Fed. Rep. 496. In his specification he stated his method of accomplishing this as follows: "My invention further consists in an arrangement of the pouncing cylinder, and a rest or supporting horn for the hat-body, which can be introduced within the crown to support it against the cutting action of the pouncing cylinder during the operation of pouncing, the arrangement being such as to dispense with the use of a hat-block in pouncing the tips and side crowns of the hats."

The second and third claims of this patent, the only ones material to be considered, read as follows:

"2. The arrangement and combination of a rotating pouncing cylinder with a vertical supporting horn, substantially as described, whereby the supporting horn may be used to support the tip, side crown, or brim during the operation of pouncing the hat.

"3. In combination with a rotating pouncing cylinder and a rest or supporting horn, a swivelling feeding mechanism, substantially as described, whereby the hat may be drawn between the pouncing cylinder in different curves or directly forward, as required."

The Taylor patent was applied for May 21, 1879. The fifth claim of the specification as originally drawn read as follows:

"5. The combination of the pouncing cylinder and the support for the hat, whereby the hat is drawn over the moving pouncing cylinder in the direction of the motion of the cylinder, substantially as described."

As thus drawn, this claim was rejected by the examiner upon reference to the Eickemeyer patent of March, 1874, which does not appear in the record, but which it may be presumed was substantially the same as the patent of 1869 in this particular. The specification was thereupon amended by inserting before the words "pouncing cylinder," wherever they occurred, the words "self-feeding," and the fifth claim was amended to read as follows:

"5. The combination of the support for the hat and the self-feeding pouncing cylinder, whereby the hat is drawn

over the moving pouncing cylinder in the direction of the motion of the cylinder, substantially as described."

In his communication to the Patent Office the patentee suggested in support of this amended claim that it differed from the claim of the Eickemeyer patent of 1874, in the fact that the cylinder was a self-feeding one, and its operation was to cause the material to be pounced to move in the same direction as the pouncing material. In reply, the examiner expressed a doubt as to what was meant by the clause in the fifth claim, "whereby the hat is drawn over the moving pouncing cylinder in the direction of the motion of the cylinder," and suggested that it should read, "whereby the hat is drawn over the support B in the direction of the motion of the pouncing cylinder." In reply, the fifth claim was withdrawn, and two other claims proposed as follows:.

"5. The combination of the support for the hat and the self-feeding pouncing cylinder, substantially as described.

"6. The self-feeding pouncing cylinder, which feeds the material to be pounced to the moving pouncing surface in the direction of its own motion."

Attention was also called to the fact that this was the only machine that was self-feeding. "It does not," said the patentee, " depend upon feed rolls for pouncing the hat, but the pouncing cylinder is the only force that moves or presents the hat to the pouncing surface. The claim is for the combination of the self-feeding pouncing cylinder with the support for the hat, as described, in which the only motive power is the rapidly revolving pouncing cylinder. This is believed to differ from all previous machines which contain a feeding apparatus which controls the hat as it is applied to the pouncing cylinder. As can be seen, in Taylor's patent, but one cylinder or roll is used, and this solely for the purpose of pouncing the hats, and not in any way for feeding the hat, except by its direct motion." These claims were rejected upon the ground " that the pouncing roller of all hat-pouncing machines has a tendency to move the material acted upon in the direction of its motion, but feed rolls have been added to facilitate the feeding of the article to be operated upon to the

·pouncing cylinder, and it is not deemed invention or improvement in the art to omit the feed rollers." The claim was again amended and allowed in the following form :

" 5. The combination of the support for the hat and the ·self feeding pouncing cylinder, whereby the hat is drawn over the support B in the direction of the motion of the pouncing cylinder.''

It does not clearly appear why the claim was allowed in this form, since it seems to be open to the same objections that had been previously made to it, when presented in slightly different language. ·

These proceedings in the Patent Office are set forth in detail for the purpose of showing the exact particulars which were then, and are now, claimed to distinguish the Taylor patent from the Eickemeyer patent of 1869. These are: 1. The omission of the feed roll of the Eickemeyer patent. 2. The self-feeding characteristic of the pouncing cylinder. An examination of the two devices shows that they are practically the same, except that, in the Taylor patent, the feeding roll of the Eickemeyer machine is omitted, and a guard and presser pin substituted. The fifth claim of the Eickemeyer · patent of 1869 and the second claim of the Taylor patent are also for the same elements, namely, a pouncing cylinder, called " rotating " by Eickemeyer and " self feeding " by Taylor, and a support for the hat-block, termed a " vertical supporting horn " by Eickemeyer, though the operation of these elements is differently described in the two claims. In the Eickemeyer claim it is said that " the supporting horn maybe used to support the tip, side crown or brim during the operation of pouncing the hat," and in the Taylor claim, that " the hat is drawn over the support B in the direction of the motion of the pouncing cylinder." It is insisted, however, that the feed roll, though omitted in the second claim of the Eickemeyer patent, is contained in the third, and, being an essen tial element of his device, should be read into the second claim as if it had been actually incorporated in it. If it were true that the feed roll were necessary to the operation of the combination of the second claim, this result would undoubt-

edly follow; in other words, if a person has invented a combination of three elements, all of which are necessary to the operation of his device, he cannot, by making a claim for two of them, forestall another who has so combined these two elements that they perform the same function that the three elements of the former patent performed.

On examination of Eickemeyer's device, however, it is difficult to see wherein the feed roll is so far essential to the operation of the machine that it would not perform practically the same function as the Taylor patent, if the feed roll were omitted. There would still be left a support for the hat by and upon which it could be held up to the pouncing cylinder. The feeding of the hat, instead of being accomplished or assisted by the feed roll, would be done entirely by hand as contemplated in the Taylor patent. Indeed, all the significance of the words " self-feeding " in this connection appears to be that, when the hat is pressed against the pouncing cylinder, it has a tendency to feed in the direction in which the cylinder revolves, and it is difficult to see why in either machine the hat may not be fed in the opposite direction.

In the Eickemeyer machine it was fed in the opposite direction by the aid of the feeding-roll, and the same thing, it would seem, may be done, by the application of a little more force, in the Taylor patent.

The case then really resolves itself into the question whether the omission of the feed roll involves invention; and in view of the fact that the hat support and pouncing cylinder of the Eickemeyer patent will accomplish practically the same functions as the Taylor device, though not so perfectly, we hold it does not — in other words, it required no invention to omit the feed roll of the Eickemeyer patent, and to make the subsidiary changes necessary to produce a working device.

The truth is, the essence of the Taylor invention was the guard C and the presser pin L, and any argument which tends to prove that the feed roll was an essential part of the Eickemeyer device is equally cogent to show that the guard and presser pin are essential to the Taylor patent, since they were designed to take the place of the feed roll and assist the

operator in bringing every part of the hat in contact with the pouncing cylinder. He himself speaks of the presser pin as "a peculiar and novel feature" of his machine, its operation being as follows : "The hat to be pounced can be caused to be revolved about it as a centre by means of the pressure exerted upon it, so that every part of the hat, except that immediately under the presser pin, would, in its rotation, come in contact with the pouncing cylinder, and by lessening the pressure the hat would be drawn under the presser pin in any desired direction, and that part of it which had formed the centre of rotation would then be pounced." As either the guard or presser pin, or both, are made an element in all the claims of his patent but the fifth, it is quite evident that this was his real invention, and that his fifth and last claim was suggested by a desire to make his patent as sweeping as possible.

It is true that the Taylor machine seems to be capable of doing more work and at less expense for labor and pouncing material than the prior devices, which it appears to have largely supplanted; but this consideration, while persuasive, is by no means decisive, and is only available to turn the scale in cases of grave doubt respecting the validity of the invention.

The decree of the court below holding the fifth claim of this patent to have been anticipated by the second claim of the Eickemeyer patent is, therefore,

*Affirmed.*